## CROSS *v.* MACKINNON.[*]

*(Circuit Court, S. D. New York.   March 8, 1882.)*

PATENTS FOR INVENTION—FOUNTAIN PENS—VALIDITY OF.

Letters patent No. 199,621, granted Alonzo T. Cross for an "improvement in fountain pens," the principal distinctive feature of which is a spring working between the vibrating pin and the air-tube, are not void for want of novelty, and are infringed by a pen having the spring inside instead of outside the air tube.

In Equity.

*Edwin H. Brown,* for plaintiff.

*Eugene N. Eliot,* for defendant.

WHEELER, D. J.   The orator has a patent, numbered 199,621, for an improvement in fountain pens, the principal distinctive feature of which is a spring working between the vibrating writing pin and the air-tube, to project the pin and restrain the flow of ink when the pen is not in use, and yield to the pressure on the point of the pin and make room for the flow of ink when the pen is in use.   The first claim, which is the one in controversy, is of the vibrating pin and spring combined with the air-tube, case of the pen, and ink-tube. The defences to this suit upon the patent are want of novelty in the invention patented and non-infringement.   Fountain pens with air-tubes, vibrating points, and other necessary points were well known at the time of the plaintiff's invention, but none of them had his precise arrangement of a vibrating point worked by a spring connected with an air-tube, as he arranged them.   The defendant, Mackinnon, had a patent for one substantially like the plaintiff's, except that the vibrating point was actuated by a weight instead of by a spring; in others there were springs, but which were not connected, and did not operate like the plaintiff's.

One ground of want of novelty presented and urged is the equivalency of the weight in Mackinnon's patent to the spring in the plaintiff's.   That they are equivalent in some operations is well established and known, but the question on this part of the case is whether they are equivalent in producing the desired result here.   The efficiency of the weight is affected by its necessary confinement in a small working place, and by the necessary inclination of the pen from a perpendicular both when in and out of use.   Something to act more quickly in the direction of the point of the pen, without regard to its perpendicularity, was necessary, and this was found in the spring,

[*]Reported by S. Nelson White, Esq., of the New York bar.

which in this operation was more than the equivalent of the weight. Another ground of lack of patentable novelty is an alleged want of working together of the parts mentioned as combined in this claim. This position rests chiefly upon the fact that the air-tube, as such, has nothing to do with the spring; that it is a mere support to the spring, and for that purpose might as well be a solid rod.

It is a fact that the air in the tube, and the tubular form of that part, have nothing whatever to do with the operation of the springs; but the patent does not rest upon the idea that they do. The pressure of the air-tube was necessary in the pen, and the merit of the invention consists in making the further use of this necessary part to sustain the spring where it is wanted. It does combine with the spring for this purpose, and by this invention is made to do two things instead of one. The spring could be attached to something else, but that would make a different pen, and probably not so good a one.

The defence of non-infringement rests upon the fact that the defendant had the spring inside the air-tube instead of outside. This may be an improvement upon the plaintiff's mode of attaching the spring to the tubes, but if it is it is none the less a use of his arrangement. He makes use of the same parts, for the same purpose, in substantially the same way.

Let there be a decree for the plaintiff according to the prayer of the bill.